## ED. J. L. GREEN v. CHARLES H. BARNES ET AL.

### No. 1109.

1. **Case in Judgment—Latent Ambiguity.**—Plaintiff in trespass to try title, as a link in his chain of title read a deed from Arick to B. F. Tankersley, to the effect, that it conveyed the same tract of land conveyed "on the 25th of December, 1852, by Charles L. McGehee to B. F. Tankersley, by bond for my use." The testimony showed, that on December 25, 1851, McGehee executed such a bond to B. F. Tankersley for use of Arick and Tankersley's wife. McGehee died before December, 1852. *Held*, that in explanation of the ambiguity as to its meaning or the land intended to be conveyed, it was competent to introduce Arick's petition and proceedings had in the Probate Court against estate of McGehee, asking specific performance (bond was for 400 acres in a named survey) of the bond dated December 25, 1851, for use of Arick and Mrs. Tankersley.

2. **Same—Same.**—This ambiguity consisted in the fact that a misdescription is made of a bond for title which is referred to as a matter of description of the land sought to be conveyed. It could be explained.

3. **Same—Pleading—Trespass to Try Title.**—An ambiguity such as this may be explained or removed in actions of trespass to try title without being pleaded, or without the aid of a court of equity based upon pleading raising the issue.

4. **Innocent Purchaser.**—The holder under the junior title from the same source not having proved payment of purchase nor proving or negativing notice. there was no question raised as to innocent purchaser.

APPEAL from Travis. Tried below before Hon. JAS. H. ROBERTSON.

*Brown & Pritchett*, for appellant.—1. The explanatory evidence should all have been excluded, because there were no allegations in the pleadings of plaintiff and of intervenors, raising any issue upon which these papers had any bearing. Farley v. Deslonde, 69 Texas, 458; Blumberg v. Mauer, 37 Texas, 2; White v. King'bury, 77 Texas, 610; Jones v. Johnson, 15 U. S., 320; 18 How., 150.

2. The court erred in holding that the record in the case presented no question of innocent purchaser in good faith. Barnes v. Jameson, 24 Texas, 262; McAlpine v. Burnet, 23 Texas, 649; Johnson v. Newman, 43 Texas, 628; Lewis v. Cole, 60 Texas, 341; Brenner v. Case, 60 Texas, 151; Hill v. Moore, 62 Texas, 610; Biggerstaff v. Murphy (Texas), 22 S. W Rep., 768; Farley v. Deslonde, 69 Texas, 458; Blumberg v. Mauer, 37 Texas, 2; White v. Kingsbury, 77 Texas, 610; Jones v. Johnston, 15 U. S., 320; 18 How., 150.

*John R. Peel*, for appellee Burns.

*West & Cochran*, for appellee Mrs. Nichols.

FISHER, CHIEF JUSTICE.—This suit was by Charles H. Burns as plaintiff, against Ed. J. L. Green as defendant; action, trespass to try title, begun October 20, 1892. Defendant answered October 28, 1892, by plea of not guilty. On January 24, 1893, Gertrude Nichols, joined by her husband, E. K. Nichols, intervened, claiming the land as the property of the intervenor Gertrude Nichols. On the 14th day of April, 1893, defendant pleaded to the petition in intervention, not guilty. On the same day the cause was tried before the court, without a jury. The court awarded judgment against defendant and in favor of the plaintiff, Burns, and the intervenor Gertrude Nichols, awarding to each an undivided one-half interest in the land.

The trial court found the following facts, which this court adopts as its conclusions of fact:

"1. That the parties agreed that William R. Arick held the legal title to the land in controversy, and that all parties to this suit deraign their respective titles from and under the said William R. Arick as common source of title.

"2. That on the 25th day of December, 1851, Charles L. McGehee executed to B. F. Tankersley, representing William R. Arick and Gertrude E. Tankersley, a bond, whereby he bound himself 'to make a good valid deed in law to 400 acres of land out of the headright league of John G. McGehee, located on the waters of Onion Creek, Travis County, within thirty days from this date, said land being estimated at $1.25 per acre.' This is the only description contained in said instrument of the land agreed to be conveyed.

"3.   That said Gertrude E. Tankersley was the wife of said B. F. Tankersley, and on the 26th day of October, 1852, she, joined by her said husband, in due form executed to said William R. Arick a deed of assignment or conveyance, assigning and conveying to said Arick all right, title, and interest which said Gertrude Tankersley had in and to said 400 acres of land, by virtue of the said bond of date 25th of December, 1851; which deed of transfer was filed in the probate proceedings hereafter mentioned, on the 30th day of November, 1852.

"4.   That the said Charles L. McGehee having died without making title to said 400 acres of land, as he bound himself to do by the bond of date December 25, 1851, and his estate being in course of administration in the Probate Court of Travis County, on the 11th day of October, 1852, the said William R. Arick filed a petition, with the said bond of date December 25, 1851, attached, asking that said 400 acres be set apart to him out of said league of land.   That citations were issued, commissioners appointed, and said land was partitioned, and the 400 acres of land described in plaintiff's petition was set apart by metes and bounds to said William R. Arick, the report of partition was confirmed, and the administrator of said Charles L. McGehee's estate was ordered to make said Arick a deed to said tract of land, which he did on the 31st day of May, 1853, describing the land by metes and bounds as set apart by the commissioners and confirmed by the court, which deed was executed by the administrator in accordance with the orders of said court, and was filled for record in the deed records of Travis County on the day of its execution, to wit, May 31, 1853.

"5.   That on the 2nd day of October, 1853, the said William R. Arick executed to said B. F. Tankersley a deed of conveyance, which was duly recorded, as it shows, of which the following is a copy, to wit:

"'THE STATE OF TEXAS, ⎱
    "'County of Travis.   ⎰   "'Wm. R. Arick to B. F. Tankersley.

"'Know all men by these presents:   That I, William R. Arick, for and in consideration of the sum of five hundred and fifty dollars in hand paid by Benj. F. Tankersley, the receipt of which is hereby acknowledged, have granted, bargained, sold, and conveyed, and by these presents do grant, bargain, sell, and convey unto the said Benj. F. Tankersley, four hundred acres of land, situated and being in the county of Travis, State of Texas.   The same tract or parcel of land conveyed on the 25th December, 1852, by Charles L. McGehee to Benj. F. Tankersley by bond for my use; and a part of the John McGehee league of land in Travis County.   Him the said Benj. F. Tankersley the above described lands with all rights and immunities thereto belonging; unto himself, heirs, executors, and administrators.   To have and hold forever; hereby warranting the the title to said land free from the claims of all persons claiming by, under, and through me, and no further.

"'In testimony whereof I have hereto set my hand and scroll for seal, this 2nd day of October, 1853.        "'WM. R. ARICK.'        [L. S.]

"To 'have to hold' interlined before signing and delivery.

"'THE STATE OF TEXAS, ⎫
    "'Harris County.      ⎬

"'Before me, Aug't. C. Daws, a notary public in and for the county of Harris, duly commissioned and qualified, this day personally appeared William R. Arick, of the county of Milam, in said State, to me known, and acknowledged the execution of the deed on the reverse hereof, as his act and deed, for the purposes and consideration therein mentioned.

"'In testimony whereof I have hereunto set my hand and notarial seal at my office in Houston, this 17th day of November, A. D. 1853.

    [Seal]        "'AUG'T. C. DAWS, Not. Pub. Harris Co.

"'Filed for record November 30, A. D. 1853, at 2 o'clock p. m. Recorded December 10, 1853, at 3 o'clock p. m., Book G, pp. 408 and 409.'

"6. That the bond executed by Charles L. McGehee to said Tankersley for the benefit of William R. Arick and Gertrude Tankersley, and dated December 25, 1851, was filed among the papers in the administration of the estate of Charles L. McGehee, deceased, on October 11, 1852. That Charles L. McGehee was then dead and his estate in process of administration in the Probate Court of Travis County. That no other bond made to said Tankersley for the benefit of said Arick was filed in said administration or recorded in Travis County deed records. Said McGehee being dead before December 25, 1852, he could not have executed a bond December 25, 1852, and I therefore find that the date '1852,' mentioned in the deed from said Arick to Tankersley as being the date of said bond, was a mistake; it should have been and was intended to be December 25, 1851, and was intended to refer to the bond described in finding of fact number 2, above.

"7. That said B. F. Tankersley died intestate in the year 1859, leaving his wife and two children, to wit, Marshall Tankersley and the intervenor Gertrude Nichols, as his sole heirs. That Mrs. Tankersley, the widow of said B. F. Tankersley, died in 1889, leaving the said Marshall Tankersley and Gertrude Nichols as her sole heirs.

"8. That on the 17th day of July, 1877, the said Marshall Tankersley executed a deed to the plaintiff, C. H. Burns, conveying to said Burns his interest in said land, described the said land as being the land described in said deed, mentioning its date as of December 25, 1852. That on the 12th day of October, 1892, the said Marshall Tankersley executed a deed to the plaintiff, C. H. Burns, for the purpose, as expressed, of correcting the description contained in his former deed, and this deed purports to convey the entire tract, and describes

it by metes and bounds as described in the said administrator's deed and in the plaintiff's petition. That these two deeds conveyed to plaintiff all interest of said Marshall Tankersley in said land.

"9. That Charles L. McGehee owned one-fourth (or 1007 acres) of the John G. McGehee league, in Travis County, on the 25th day of December, 1851, and on from that date to his death.

"10. That on the 24th day of March, 1857, the said William R. Arick executed a deed to Sarah D. Walsh, purporting to convey to her the said 400 acres of land described in plaintiff's petition, describing said land in said deed as it is described in said petition, and as it is described in said administrator's deed to said Arick. There was no proof of the payment of purchase money, or whether or not Mrs. Walsh had notice of the deed from said Arick to said Tankersley.

"11. That the defendant, Ed. J. L. Green, introduced in evidence a regular chain of conveyances from Sarah D. Walsh down to himself, conveying to him whatever right or title was conveyed to Sarah D. Walsh by the said deed from William R. Arick to her, but there was no proof offered as to the payment of the purchase money, or on the question of notice, in any instance."

*Opinion.*—Upon these facts the trial court found the following conclusions of law, with which we fully agree:

"1. That the deed from William R. Arick to B. F. Tankersley, dated October 2, 1853, conveyed to said Tankersley the 400 acres of land mentioned in the said bond of date December 25, 1851.

"2. That the said deed and bond were sufficient to convey an undivided interest equal to 400 acres in the John G. McGehee league of land, and, when taken in connection with the probate proceedings, partition of the land, and administrator's deed to said Arick, said conveyance was effectual to convey to said Tankersley the 400 acres of land described in plaintiff's petition.

"3. That the plaintiff, by virtue of the two deeds from Marshall Tankersley, became the owner of an undivided one-half interest in said land, and is entitled to judgment for same.

"4. That the intervenor Gertrude Nichols is the owner of and entitled to recover the other half of said land.

"5. That there being no question of innocent purchasers presented by the record of this case—the said deed from said Arick to Sarah D. Walsh did not convey any interest in said land to her."

The court below admitted in evidence, over the objections of appellant, the petition of R. W. Arick, filed in the Probate Court of Travis County in the matter of the estate of C. L. McGehee, deceased, asking for specific performance of the contract executed by McGehee to Tankersley, December 25, 1851, for the use of W. R. Arick and Gertrude Tankersley; also the above contract, the order of the court appointing commissioners to partition the land, the report of the commissioners, and the decree of partition and for specific performance, and directing

the administrator to make a deed to Arick. These papers were admitted for the purpose of aiding the description of the land in the deed from Arick to Benjamin F. Tankersley, dated 2nd October, 1853, and in order to remove the uncertainty or ambiguity that existed in the above deed that related to the land intended to be conveyed that arose out of the statement contained in that deed, to the effect, that it conveyed the same tract or parcel of land conveyed "on the 25th December, 1852, by Charles L. McGehee to Benj. F. Tankersley, by bond, for my use." The discrepancy between the instrument above called for and described, and the one actually executed by McGehee to Tankersley, consists in the fact that it was not executed on the 25th of December, 1852, but was executed on the 25th of December, 1851, and was to the use of Arick and Gertrude Tankersley. The appellant's objections to this evidence are, that the contract or bond for title executed by McGehee and the partition proceedings based upon it are different instruments than that described in the deed from Arick to Tankersley, and that there are no pleadings of the appellees—the action being one of simply trespass to try title—warranting the court to correct any supposed mistake in the deed in question, or to reform it so as to make it embrace the land described in the bond for title and the decree of partition, and also for the further reason, that the necessary parties to such a proceeding were not before the court.

If the purpose was to correct a mistake in the deed in question in order to make it embrace land, or terms and conditions, that were not set out and there described, that were by accident or mistake omitted, or to correct a statement contained in the deed that was by mistake inserted, and the effect of which was to make it declare a meaning or purpose seriously affecting the subject matter or scope of the contract differently as actually made by the parties, then the doctrine contended for by appellant should find application; but if the mistake or misdescription that arises from the deed was only an uncertainty or an ambiguity as to its meaning, or the land intended to be described or conveyed, then extrinsic evidence is admissible in order to explain and to free it from its latent ambiguity. A latent ambiguity may exist from the terms of the instrument, and may also arise when an effort is made to apply the deed to the subject matter of the conveyance. The ambiguity in this instance arises not from the face of the instrument, but arises when the attempt is made to apply the instrument to the subject matter; and in such a case extraneous facts are admissible to explain the instrument and to remove the uncertainty. The ambiguity here consists in the fact that a misdescription is made of a bond for title which is referred to as a matter of description of the land sought to be conveyed. The instrument sets out some facts that in part correctly describe the bond for title, and states other facts that tend to describe a different instrument.

In treating of a similar question, the Supreme Court, in Kingston v. Pickins, 46 Texas, 101, says: "When the uncertainty does not appear

upon the face of the deed, but arises from extraneous facts, as in other cases of latent ambiguity, parol evidence is admissible to explain or remove it. In such case the deed should not be excluded from the jury, but should go to them along with the parol evidence, to explain or remove such ambiguity; and the identity of the land is then a mixed question of law and fact, to be determined by the jury under the instructions of the court." This rule is applied in Arambula v. Sullivan, 80 Texas, 616; Cox v. Hart, 145 U. S., 387; Minor v. Powers, 24 S. W. Rep., 711, and cases there cited.

It is true, in this last case the Supreme Court did not agree with the majority of the court that rendered the opinion, but followed the doctrine contended for in the dissenting opinion of Justice Key. This case is cited simply as containing a reference to authorities that bear upon the question before us. The question here is different from that in the case cited, and is such an ambiguity that can be removed by evidence of extraneous facts as fall within the reasoning of the dissenting opinion in that case and the authorities there cited.

It is evident that the deed, in describing the bond for title as executed December 25, 1852, in the light of the extraneous facts, was a mistake or clerical error, and that recital that says that the bond was executed for "my use" may not be inconsistent with the terms of the bond. It was for the use of Arick, and also for the use of another— Gertrude Tankersley. The statement by Arick in the deed he executed to Tankersley, that the bond was for "his use," is not a false statement, and does not negative the idea that the bond was not also for the use of some one else. It states a fact which is true—the bond was for his use. If it had stated that the bond was for his *sole use*, it would have qualified the estate, and would have negatived the idea that another had an interest in it. When we look to other matters of description stated in this deed, in the light of the extraneous facts in evidence, we can discard this statement, that refers to the date of the bond, as a mistake, and then ascertain from the terms of the deed, together with the bond referred to, the land intended to be conveyed. 80 Texas, 616; 24 S. W. Rep., 711–722. An ambiguity such as this may be explained or removed in actions of trespass to try title without being pleaded, or without the aid of a court of equity based upon pleading raising the issue. Kingston v. Pickins, 46 Texas, 101; Arambula v. Sullivan, 80 Texas, 615; Ferguson v. Ferguson, 27 Texas, 342; Cox v. Hart, 145 U. S., 377; Minor v. Powers, 24 S. W. Rep., 711.

There was no error in the ruling of the court on the question of innocent purchaser. The appellees' title was a legal one, and was older in point of time to that under which appellant claims. Such being the case, the burden as to that issue was upon him to show the facts entitling him to protection as an innocent purchaser.

The judgment is affirmed.

*Affirmed.*

Delivered February 23, 1895.